**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. J. MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

September 8, 2025

Garrett B. Moritz
Roger S. Stronach
Ross Aronstam & Moritz LLP
1313 N. Market Street, Suite 1100
Wilmington, DE 19801

Blake Rohrbacher
Daniel E. Kaprow
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801

Michael A. Barlow
Shannon Doughty
Quinn Emmanual Urquhart &
Sullivan, LLP
500 Delaware Avenue, Suite 220
Wilmington, DE 19801

> Re: *ATP III GP, Ltd. v. Rigmora Biotech Investor One LP, et al.,*
> C.A. No. 2025-0607-KSJM

Dear Counsel:

This letter resolves Plaintiff's Exceptions to the final report of Special Magistrate Ryan Newell and Plaintiff's related Motion for Clarification.[1]

Plaintiff is the General Partner of Apple Tree Partners Life Sciences Ventures, L.P. (the "Fund"). Defendants own 99% of the Fund. Defendants therefore share a mutuality of interest with Plaintiff regarding the Fund's business and financial condition. At least they shared a mutuality of interests before May 15, 2025, when a dispute arose between them. The parties agree on this point. But

---

[1] *See* C.A. No. 2025-0607-KSJM Docket ("Dkt.") 193 (Mot. for Exceptions), Dkt. 189 (Mot. for Clarification); *see also* Dkt. 196 (Opp'n to Exceptions), Dkt. 191 (Opp'n to Mot. for Clarification).

Plaintiff logged around 14,500 documents from before May 15, 2025,[2] noting that the parties were adverse concerning negotiations over amendments to the Fund's Limited Partnership Agreement.

Given the volume of documents withheld and the parties' mutual interests prior to May 15, 2025, I ordered the parties to retain a special discovery magistrate to review materials on Plaintiff's privilege log. In a September 2, 2025 letter decision, I ordered Defendants to identify 100 documents on Plaintiff's privilege log to be reviewed by a special discovery magistrate selected by the parties. And I held that if the special discovery magistrate concludes that Plaintiff improperly withheld more than 30 of those documents, then I would grant the relief sought in Paragraph 3 of Defendants' proposed order, subject to exceptions to the Magistrate's report.[3]

The parties jointly selected Ryan Newell as Special Discovery Magistrate. He leapt into action on September 2. The Special Magistrate reviewed the 100 log entries selected by Defendants under a two-step analysis agreed on by the parties. He asked: "First, is the document privileged? If no, the document should be produced. If yes, then second, is there adversity between the Plaintiff and Defendants as to the privileged information?"[4] The Special Magistrate completed his review on September 3. In a clear and detailed final report, he concluded that 60 of the 100 documents should be produced: 8 were not privileged and 52 reflected

---

[2] *See* Opp'n to Exceptions, Ex. F.

[3] Dkt. 143.

[4] Dkt. 190 (Magistrate's Rep.) at 3.

a mutuality of interests.[5]  I am grateful to the Special Magistrate for his quick and careful work on this assignment.

Plaintiff raised a new issue during the Special Magistrate's process, arguing that many of the 100 documents selected by Defendants were communications involving portfolio companies that have their own privilege and counsel.[6]  According to Plaintiff, neither Defendants nor the Fund share a mutuality of interest as to these communications. [7]  This is so although the Fund's business is the portfolio companies.

Because Plaintiff had not raised this issue in briefing in response to Defendants' motion, the Special Magistrate rejected it.[8]  Plaintiff filed exceptions to this aspect of the Final Report.

Plaintiff also moved for clarification of my September 2 decision, asking the court to hold that Defendants waived their right to seek portfolio-level communications by failing to brief it.[9]  Plaintiff further argued that it would be inequitable for the court to find waiver as to the legal advice to the Fund based on Plaintiff's decision to withhold portfolio-company communications as privileged.[10]

---

[5] Magistrate's Rep. at 5–7.

[6] Dkt. 193 (Pl.'s Opening Br.), Ex. 4.

[7] *Id.*

[8] Magistrate's Rep. at 4 & n.7.

[9] Pl.'s Mot. for Clarification at 3.

[10] *Id.* at 4.

Plaintiff offered as a solution that Plaintiff produce all of the documents from its privilege log related to the legal affairs of the portfolio companies.[11]

The problem with Plaintiff's argument is that it is brand new. Nothing in Plaintiff's privilege log identifies these documents as subject to a portfolio-company privilege. Plaintiff's players list nowhere identifies any lawyers who represent portfolio companies rather than the Fund.[12] Many of the documents that Plaintiff describes as portfolio-company communications are solely among persons using ATP email addresses.[13] Twenty-four involve no lawyer other than ATC in-house counsel.[14] Plaintiff's waiver argument rests on the notion that Defendants could have discerned from the privilege log that Plaintiff withheld documents on the basis of portfolio-company privilege. I confess that I could not have discerned this from what Plaintiff provided to Defendants.

Plaintiff's motion for clarification is denied. Plaintiff's exceptions are overruled. I adopt the Special Magistrate's Final Report as an Order of this court.

I do not relish blowing up privilege. Rather than flat out grant Defendants' motion, I established a procedure for cross-checking Plaintiff's log that allowed Plaintiff a 30% error rate. The Special Magistrate concluded that Plaintiff had no

---

[11] *Id.* at 4–5.

[12] *See, e.g.,* Pl.'s Opening Br., Ex. 4, "Plaintiff's Amended Privilege Log – Players List."

[13] *See, e.g., id.* (log entry for ATP PL 929).

[14] *See, e.g., id.* (log entry for ATP PL 393).

basis for withholding 60% of the selected documents.  Paragraph 3 of Defendants'
proposed order[15] is granted.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. J. McCormick*

Chancellor

cc:     All counsel of record (by *File & ServeXpress*)

---

[15] Dkt. 143.